IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JUAWARREN FOSTER, JR.                                                    PLAINTIFF

            v.                    CIVIL NO. 2:22-cv-02183-MEF

MARTIN O'MALLEY, Commissioner,
Social Security Administration                                            DEFENDANT

**MEMORANDUM OPINION AND ORDER**

        Pending now before this Court is Plaintiff's Motion for Attorney Fees Under the Equal

Access to Justice Act.  (ECF Nos. 25, 26).  On March 19, 2024, Plaintiff filed a motion for

attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter

"EAJA"), requesting $12,886.63, representing a total of 2.50 attorney hours in 2022 at an hourly

rate of $221.00; 36.57 attorney hours in 2023 at an hourly rate of $236.00; 2.07 attorney hours in

2024 at a rate of $244.62; and 42.63 paralegal hours at an hourly rate of $75.00.  (ECF No. 25, p.

2).  On April 12, 2024, the Commissioner filed a response objecting to .83 attorney hours as not

requiring legal analysis and recommending that said hours be compensated at the paralegal rate.

(ECF No. 29).  Plaintiff conceded to the Commissioner's objections on April 16, 2024, and

amended the total fee award to $12,758.47.  (ECF No. 30).

        It is the opinion of the undersigned that the Plaintiff is entitled to a fee award in this case,

as he is the prevailing party, the government's decision to deny benefits was not "substantially

justified," the hourly rate requested for attorney and paralegal hours does not exceed the CPI for

the years in question, and the time asserted to have been spent in the representation of the Plaintiff

before the district court is reasonable.  *See Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986)

(burden is on the Commissioner to show substantial justification for the government's denial of

benefits); 28 U.S.C. § 2412(d)(2)(A) (statutory ceiling for an EAJA fee award is $125.00 per hour);

1

*Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990) (court may determine that there has been an increase in the cost of living, and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index ("CPI")); *Hensley v. Eckerhart*, 461 U.S. 424, 430 (1983) (in determining reasonableness, court looks at time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and, the amount involved); and General Order 39 (the Court's standing Order allowing for enhanced hourly rates based on the CPI-South for December of the previous year). Accordingly, the undersigned finds that the Plaintiff is entitled to an attorney's fee award under EAJA in the amount of $12,758.47.

Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 596 (2010), the EAJA fee award should be made payable to Plaintiff. However, if the Plaintiff has executed a valid assignment to Plaintiff's attorney of all rights in a fee award and Plaintiff owes no outstanding debt to the federal government, the attorney's fee may be awarded directly to Plaintiff's attorney.

The parties are reminded that, to prevent double recovery by counsel for the Plaintiff, the award herein under the EAJA will be considered at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406.

Based upon the foregoing, Plaintiff is awarded the sum of **$12,758.47** for attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412.

Dated this 22nd day of April 2024.

/s/ Mark E. Ford
HON. MARK E. FORD
CHIEF UNITED STATES MAGISTRATE JUDGE

2